IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON KALE BAGNELL, | Cause No. CV 24-166-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN DEMETRIC GODFREY, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pending before the Court is a petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by state pro se petitioner Brandon Kale Bagnell

("Bagnell"). (Doc. 1). Bagnell indicates he is presently incarcerated under two

sentences, one handed down in Lake County in Cause No. DC-15-355, and a prior

Yellowstone County sentence imposed in Cause no. DC-00-0054. (*Id.* at 3.)

Bagnell also seeks leave of the Court to proceed in forma pauperis. (Doc.

2.) Because his account statement reveals he may not be able to afford all costs

associated with this action, the motion will be granted.

**Background**

1

The Court is familiar with Bagnell, he previously challenged another Lake County sentence, imposed in Cause No. DC-13-80, by filing a § 2254 habeas petition. *See Bagnell v. Att'y General*, Cause No. CV 18-128-M-DLC-JCL, Pet. (filed July 10, 2018). That matter was dismissed when it was determined that Bagnell had fully discharged the underlying sentence, therefore, this Court lacked jurisdiction over his petition. *Bagnell v. Att'y General,* Cause No. CV 18-128-M-DLC, Ord. (D. Mont. June 10, 2019). The Ninth Circuit denied Bagnell's request for a certificate of appealability. *Bagnell v. Att'y General*, No. 19-35516, Ord. (9th Cir. Dec. 20, 2019).

Bagnell filed a second petition challenging a felony stalking conviction handed down in Lake County in Cause No. DC-15-355. *See Bagnell v. McTighe*, Cause No. CV 19-105-M-DLC, Pet. (filed June 19, 2019). This Court considered the merits of Bagnell's claims and denied relief. *Bagnell v. McTighe*, Cause No. CV 19-105-M-DLC, Ord. (D. Mont. Dec. 10, 2019).

Bagnell now seeks to challenge all of his previous convictions, including those for which he is presently in custody, although it appears several of his prior sentences have been fully discharged. *See e.g.*, (Doc. 1 at 2-3.) The crux of Bagnell's present petition is that he was not indicted by a grand jury on any prior criminal matters from Yellowstone County, Flathead County, or Lake County. (*Id.* at 4.) Instead, Bagnell asserts he was wrongfully charged by information. He

believes that this charging process violated his rights under the United States Constitution and his right to a fair and impartial jury and judge. (*Id.* at 5.) Bagnell also asserts that a 1987 conviction handed down in Idaho violated his right to a grand jury and should "void" a subsequent federal felon in possession conviction. (*Id.* at 6.)

Bagnell claims all of his felony convictions in Montana and Idaho are illegal and based upon fraud due to the denial of grand jury indictments. He asks this Court to vacate all of his Montana convictions and order an investigation into his federal felon in possession conviction from 2002, as well as his Idaho convictions. (*Id.* at 7.) He requests that his convictions be vacated, and that his criminal record be corrected and sealed. (*Id.*)

Bagnell recently raised similar claims challenging the denial of an indictment by grand jury in a petition for writ of habeas corpus filed with the Montana Supreme Court. *See*, Pet. (Doc. 1-1 at 4-10.) The Court found Bagnell failed to demonstrate illegal incarceration, that he was not improperly prosecuted, and that his convictions were not void. The petition was denied and dismissed. *See*, Ord. (*Id.* at 1-3.)

**Analysis**

To the extent that Bagnell attempts to challenge the judgment of conviction handed down in Lake County in Cause No. DC-15-355, this Court lacks

jurisdiction to hear a challenge in that matter, unless Bagnell first obtains

authorization from the Court of Appeals to file a second habeas petition in this

Court.  28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per

curiam).  To the extent Bagnell intends to make any new arguments relative to that

conviction, he may attempt to present those arguments to the Court of Appeals.  As

it stands, his present challenge to that conviction is unauthorized as second and/or

successive and must be dismissed for lack of jurisdiction.  *Burton*, 549 U.S. at 149.

But Bagnell is also advised that this overarching claim is wholly lacking in

merit. The Fifth Amendment Grand Jury Clause, which guarantees indictment by

grand jury in federal prosecutions, was not incorporated by the Fourteenth

Amendment to apply to the states.  *See Branzburg v. Hayes, 408 U.S. 665, 687-88*

*n. 25 (1972)* (noting that "indictment by grand jury is not part of the due process of

law guaranteed to state criminal defendants by the Fourteenth Amendment");

*Hurtado v. California, 110 U.S. 516, 535* (holding that the Fourteenth Amendment

did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v.*

*Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119

(1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*,

369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928).  Thus, to

the extent that Bagnell believes he was constitutionally entitled to indictment by a

grand jury, and that his right to due process was violated when he was prosecuted

via information in any of his prior state matters, he is mistaken.  This Court has

consistently rejected such a claim as frivolous and wholly lacking in substantive

merit.[1]

      In relation to his federal felon in possession conviction, Bagnell was indicted

by a grand jury.  *See U.S. v. Bagnell*, Cause No. CR 02-02-M-DWM, Indictment

(filed Feb. 7, 2002).  Bagnell proceeded to trial, was convicted by a jury, and his

conviction was affirmed on appeal.  *U.S. v. Bagnell*, 71 Fed. Appx. 644, 645 (9th

Cir. 2003)(unpublished).  Thus, any Fifth Amendment challenge he attempts to

advance relative to his federal conviction is also frivolous.

**Certificate of Appealability**

      "The district court must issue or deny a certificate of appealability when it

---

[1] *See e.g., Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at 2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022)(rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under state law); *Christopher v. Salmonsen*, CV 23-86-M-DLC, Or. at 3-6 (D. Mont. Nov. 2, 2023)(rejecting Fifth Amendment grand jury claim as frivolous).

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this Court lacks jurisdiction over Bagnell's challenge to his Lake County conviction in Cause No. DC-15-355, and his Fifth Amendment challenge lacks merit. There is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### ORDER

1. Bagnell's Petition (Doc. 1) is **DISMISSED** for lack of Jurisdiction and **DENIED** for lack of merit.

2. Bagnell's Motion to Proceed IFP (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this _____ day of December, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

7